IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MIGUEL ANGEL BELALCAZAR-LUCUMI,**

        **Petitioner,**

**vs.**                                      **No. CV 10-274 JB/WDS**

**RAY TERRY, Otero County Processing Center**

        **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Miguel Angel Belalcazar-Lucumi's ("Petitioner") Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241 filed March 24, 2010, [Doc. 1], and on Respondent Ray Terry, Otero County Processing Center's ("Respondent") Motion to Dismiss Without Prejudice Petitioner's Petition for Writ of Habeas Corpus filed May 13, 2010, [Doc. 12]. Petitioner did not file a response and the time to do so has passed. Having considered Petitioner's Writ of Habeas Corpus, Respondent's Motion to Dismiss, and the applicable law, this Court recommends that Respondent's Motion to Dismiss without prejudice be granted and that the Petition be dismissed without prejudice.

## BACKGROUND

In the Motion to Dismiss, Respondent sets forth the following undisputed facts. [Doc. 12]. Petitioner, a citizen of Columbia, is an illegal alien with no lawful immigration status in the United States. [Doc. 12, Exh. A]. In 1992 Petitioner entered a guilty plea to two controlled substance offenses and was sentenced to five years. [Doc. 12, Exh. G]. On August 28, 2008, the Department of Homeland Security issued Petitioner a Notice to Appear for deportation proceedings, and

Petitioner was ordered detained under the no-bond provision of 8 U.S.C. §1226(c)[1] pending a final determination by an immigration judge ("IJ") as to whether he was subject to removal. [Doc. 12, Exh. B, C, D]. Petitioner was taken into Immigration and Customs Enforcement's ("ICE") custody on October 7, 2008, and he is presently housed at the Otero County Processing Center in Chaparral, New Mexico where Ray Terry is the Warden. [Doc. 12].

From November 3, 2008 to March 26, 2010, Petitioner's removal case was continued approximately fourteen times with at least ten of the continuances caused by Petitioner. The hearings of November 3, 2008, November 10, 2008, November 17, 2008, November 21, 2008, and December 2, 2008 were all continued either because Petitioner wanted to obtain counsel, because Petitioner's counsel did not appear, or because Petitioner's counsel needed additional time to prepare. The hearing set for December 10, 2008 was continued for unspecified reasons. On December 19, 2008, the IJ held that Petitioner was present in the United States without admission and continued the case to allow Petitioner to identify any form of relief from removal. On January 7, 2009, Petitioner submitted a form I-589 application for asylum/withholding of removal, and the IJ set a hearing on the merits for April 6, 2009. On April 6, 2009, the IJ denied Petitioner's asylum application as time-barred, and continued the case to April 30, 2009 to allow Petitioner time to research the availability of relief from removal in light of the fact that he had two prior convictions involving controlled substances. The April 30, 2009 hearing was continued to May 18, 2009 to give Petitioner additional time to prepare. On May 18, 2009, the IJ set a hearing for October 1, 2009 to adjudicate the merits of Petitioner's removal. On October 1, 2009, Petitioner presented evidence regarding his fears that

---

[1] Petitioner was placed in mandatory detention with no possibility of bond because he had previously pled guilty to two controlled substance offenses and was sentenced to five years. *See* 8 U.S.C. 1226(c).

he would be killed if he was returned to Columbia and requested a continuance to seek additional evidence on his claim. The IJ agreed and reconvened the case on November 2, 2009, where the IJ granted Petitioner's request for another continuance to gather evidence concerning his prior drug convictions. On December 18, 2009, Petitioner received a final continuance to obtain additional evidence. On March 26, 2010, the IJ denied Petitioner's request for relief from removal and entered an order of removal. [Doc. 12, Exh. E]. Petitioner filed a timely appeal on April 5, 2010. [Doc. 12, Exh. F]. Although Petitioner's appeal was pending resolution at the time Respondent filed the Motion to Dismiss on May 13, 2010, an order dismissing the appeal was entered by Board of Immigration Appeals on August 23, 2010. [Doc. 14, p. 32].

On March 24, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus. [Doc. 1]. Construing the Petition liberally, *see Price v. Philpot,* 420 F.3d 1158, 1162 (10th Cir. 2005), it appears that Petitioner is challenging his detention pursuant to the holding of *Zadvydas v. Davis*, 533 U.S. 678 (2001) and further claims that his detention pursuant to 8 U.S.C. §1226(c) violated his substantive and procedure due process rights.

## DISCUSSION

### I. PETITIONER IS NOT ENTITLED TO RELIEF UNDER *ZADVYDAS V. DAVIS*

Petitioner cites *Zadvydas v. Davis,* 533 U.S. 678 (2001) to support his contention that he should be released from detention. [Doc. 1]. In *Zadvydas*, the United States Supreme Court held that it is presumptively reasonable to detain an alien for a period of six months while attempting to remove the alien from the United States. *Id.* at 701. The six-month period begins to run when the alien becomes subject to a final order of removal. *See id.* at 682, 683, 687. After the six months, the alien may attempt to show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id* at 701. Upon that showing, the government must respond with evidence

sufficient to rebut that showing in order to warrant further detention. *Id.*

Petitioner became subject to a final order of removal on August 23, 2010, when the Board of Immigration Appeals dismissed his appeal [Doc. 15, p. 9]. 8 C.F.R. §1241.1 ("An order of removal ... shall become final: (a) [U]pon dismissal of an appeal by the Board of Immigration Appeals."); *See generally Fuentes v. Terry,* No. Civ 10-526 at *3 WJ/LFG (D.N.M. 2010). Accordingly, the six-month period does not run until February 23, 2011. Petitioner's request for relief under *Zadvydas* is premature and should be denied.

## II. PETITIONER'S CLAIM UNDER 8 U.S.C. §1226(c) IS MOOT OR WITHOUT MERIT.

Prior to the final order of removal, Petitioner was being held under the no-bond provision of 8 U.S.C. §1226(c), also known as §236(c) of the Immigration and Naturalization Act, because he had been convicted of two controlled substance offenses. [Doc. 12, Exh. G].[2] Petitioner claims that his detention pursuant to §1226(c) violated his substantive and procedural due process rights by "denying altogether the possibility of bail and release." [Doc. 1].[3]

Because Petitioner's order of removal is now final and the removal period has begun to run, the Government currently has authority to detain Petitioner pursuant to 8 U.S.C. §1231(a)(2).[4] The

---

[2] Title 8 U.S.C. §1226(c) requires the Secretary of the Department of Homeland Security to take into custody any alien who is deportable by reason of having committed certain crimes, including offenses concerning controlled substances. As a result of §1226(c), immigration judges do not have jurisdiction to hold bond hearings regarding criminal aliens who are mandatorily detained. *See* 8 C.F.R. §1003.19(h)(2)(i)(D).

[3] Petitioner also appears to argue that §1226(c) does not apply to him because he is "not an alien described in paragraph (10 Section 236 (c) of the ACT or 236 (c) 0 (I)." [Doc. 1]. Petitioner fails, however, to provide any facts or specificity as to his allegation as required by *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). According, the Court is unable to address this issue.

[4] Title 8 U.S.C. §1231(a)(2) provides:
During the removal period, the Attorney General shall detain the alien. Under no

Tenth Circuit has not addressed whether a Petitioner's pre-final order claim under §1226(c) is rendered moot once a final order of removal has issued.  Under facts similar to the present case, the Second Circuit held that "[T]o the extent that [Petitioner] may have had a cognizable due process argument under [§1226(c)], that claim has been rendered moot." *Wang v. Ashcroft,* 320 F.3d 130, 147 (2d Cir. 2003).  Therefore, under *Wang,* Petitioner's claim should not survive unless an exception to the mootness doctrine applies. *See generally Riley v. Immigration & Naturalization Service,* 310 F.3d 1253 (10th Cir. 2002).

The Tenth Circuit has recognized four exceptions to the mootness doctrine: 1) secondary or collateral injuries will survive after resolution of the primary injury; 2) the issue is deemed a wrong capable of repetition while evading review; 3) the respondent voluntarily ceases an illegal practice but is free to resume it at any time; and 4) the case is a properly certified class action.  *Riley v. Immigration & Naturalization Service,* 310 F.3d at 1257.  This case is not a class action and nothing in the record before this Court indicates that the other exceptions apply. *See id.* Accordingly, Petitioner's claim under §1226(c) should not survive.

This Court notes, however, that even if Petitioner's claim survives, Petitioner's argument is without merit.  It is established law that mandatory detention prior to a final removal order of certain criminal aliens under §1226(c) is constitutional. *See Denmore v. Kim,* 538 U.S. 510 (2003). Since *Denmore,* the Sixth and Ninth Circuits have read some form of a time or reasonableness limitation into §1226(c). *See, e.g., Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (holding that §1226(c) applies only to "expedited removal of criminal aliens"); *Ly v. Hansen,* 351 F.3d 263, 271 (6th Cir.

---

circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

2003) (holding that criminal aliens may be held "for a reasonable period of time required to initiate and conclude removal proceedings promptly"). The Tenth Circuit has not addressed this issue.

This Court need not address whether a time or reasonableness limitation exists under §1226(c) because even if it does, under the facts of this case, Petitioner's detention prior to his final order of removal was not unreasonably prolonged. *See Ly,* 351 F.3d at 271. Although Petitioner was detained for over a year and a half before the order of removal was finalized by the dismissal of the appeal, the detailed facts set forth *supra* at pp. 2-3 show that Petitioner was the primary cause of virtually all of the delays. As discussed previously, between Petitioner's initial detention and the final order of removal, Petitioner's case was continued approximately 14 times, at least ten of which the Petitioner either caused or requested. Furthermore, Petitioner further delayed his case by filing an appeal. The facts show that the government acted diligently to pursue its interests, and the immigration court acted to resolve the proceedings expeditiously. Petitioner's detention under §1226(c) was constitutional.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Respondent's Motion to Dismiss Without Prejudice be granted and that the Petition for Writ of Habeas Corpus be dismissed without prejudice.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and**

**Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**